IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERKLEY NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-16937 |
| v. | ) ) | |
| LUTHERAN CHILD & FAMILY SERVICES OF ILLINOIS, ERNESTO VAZQUEZ, and RAUL AND NITA BLANCAS, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, BERKLEY NATIONAL INSURANCE COMPANY, by and through its attorneys Dana A. Rice and Jeremy S. Macklin of Traub, Lieberman, Straus & Shrewsberry, LLP, and for its Complaint for Declaratory Judgment against Defendants, LUTHERAN CHILD & FAMILY SERVICES OF ILLINOIS, ERNESTO VAZQUEZ, and RAUL AND NITA BLANCAS, it states as follows:

## NATURE OF ACTION

1. Plaintiff, BERKLEY NATIONAL INSURANCE COMPANY ("Berkley"), is an insurance company that issued a series of commercial package policies to Defendant, LUTHERAN CHILD & FAMILY SERVICES ("LCFS"), as the named insured, under policy numbers HHS 8578843-10, HHS 8578843-11, HHS 8578843-12, HHS 8578843-13, for the policy period of July 1, 2018 through July 1, 2022 (the "Berkley Policies").

2. Berkley brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, et seq. and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaration that it has no duty under the Berkley Policies to defend or indemnify LCFS and its employee, ERNESTO VAZQUEZ ("Mr. Vazquez"), in connection with an underlying lawsuit styled *Raul and Nita*

*Blancas, as Guardians and Next Friends of Jane Doe and John Doe v. Lutheran Child and Family Services of Illinois and Ernesto Vazquez*, Case No. 2021L009689, filed in the Circuit Court of Cook County, Law Division (the "Underlying Lawsuit").

3.      There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Berkley Policies. Berkley contends that it has no obligation to defend or indemnify LCFS or Mr. Vazquez in connection with the claims asserted in the Underlying Lawsuit based on the terms of the Berkley Policies and applicable law.

4.      Berkley has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Berkley Policies. A judicial declaration is necessary and appropriate at this time so that Berkley may ascertain its rights and duties with respect to defense and indemnity under the Berkley Policies for the Underlying Lawsuit.

## THE PARTIES

5.      Berkley is, and at all relevant times has been, a corporation organized under the laws of Iowa with its principal place of business in Iowa.

6.      LCFS is an Illinois not-for-profit corporation with its principal place of business in Illinois.

7.      Upon information and belief, Ernesto Vazquez ("Vazquez") a resident of Illinois, and therefore a citizen of Illinois for purposes of diversity jurisdiction.

8.      Upon information and belief, Raul and Nita Blancas (the "Blancas Defendants") are residents of California, and therefore are citizens of California for purposes of diversity jurisdiction. The Blancas Defendants are the plaintiffs in the Underlying Lawsuit and are joined

as defendants herein as necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure so that they may be bound by the judgment entered in this case. If the Blancas Defendants execute a stipulation agreeing to be bound by any judgment entered herein, Berkley will voluntarily dismiss them from this action.

## JURISDICTION AND VENUE

9.      Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

10.      Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that the Underlying Lawsuit is pending in this district and a substantial part of the events giving rise to the Underlying Lawsuit occurred in this district. Further, the Berkley Policies were issued and delivered to LCFS at its principal place of business in this judicial district.

## THE UNDERLYING LAWSUIT

A.      **Allegations**

11.      The Underlying Lawsuit was filed on September 30, 2021. A true and correct copy of the Complaint filed in the Underlying Lawsuit is attached hereto as **Exhibit A**.

12.      The Underlying Lawsuit arises out of allegations of physical and sexual abuse toward two siblings, Jane Doe and John Doe, who were allegedly placed in foster care by LCFS.

13.      The Underlying Lawsuit alleges that Jane Doe was a minor, born on February 14, 2005, and that John Doe was a minor born on December 14, 2005.

14.      The Underlying Lawsuit alleges that LCFS had a contractual relationship with the State of Illinois whereby LCFS would provide social services, including foster care placement

services, which included monitoring foster care placements for compliance with foster care regulations and monitoring the safety of foster care children.

15.     The Underlying Lawsuit alleges that Mr. Vazquez was an employee, agent, and/or apparent agent of LCFS at all times relevant to the claims at issue, and was acting within the scope of his employment, agency, and/or apparent agency.

16.     The Underlying Lawsuit alleges that in or near the year 2013, Jane Doe and John Doe were removed from the home of their biological mother following sexual abuse by their mother's boyfriend against Jane Doe.

17.     The Underlying Lawsuit alleges that Jane Doe and John Doe were placed together in the foster home of Salvador and Veronica Rosas (the "Rosas Family") in or near the year of 2016.

18.     The Underlying Lawsuit alleges that Jane Doe and John Doe were subjected to abuse while in the care of the Rosas Family.

19.     The Underlying Lawsuit alleges that as a direct and proximate result of the aforementioned negligent and willful, wanton, and/or reckless acts or omissions, Jane Doe and John Doe were subjected to abuse and experienced extreme mental and physical pain and suffering as a result thereof.

**B.     Tender of Defense to Berkley and Berkley's Response**

20.     On or about December 1, 2021, LCFS tendered the Underlying Lawsuit to Berkley for defense under the Berkley Policies.

21.     On or about September 16, 2022, Berkley agreed to defend LCFS and Mr. Vazquez in the Underlying Lawsuit under a reservation of rights. A true and correct copy of the September 16, 2022 Reservation of Rights letter is attached hereto as **Exhibit B**. One of the bases for

Berkley's reservation of rights was that the abuse alleged in the Underlying Lawsuit did not occur during the Berkley Policies, and therefore, the policies afforded no coverage for the claims asserted therein.

**C.** **Discovery in the Underlying Lawsuit**

22.     At some point, Jane Doe and John Doe ceased living with the Rosas Family.

23.     Jane Doe, Mr. Vazquez, and Salvador Rosas all confirmed in sworn testimony that Jane Doe and John Doe ceased living in the Rosas Family's home on April 13, 2018.

24.     LCFS' internal documents confirm that Jane Doe and John Doe left the Rosas Family's home to live with the Blancas Family on April 13, 2018.

25.     Neither Jane Doe nor John Doe has lived with the Rosas Family since April 13, 2018.

**D.** **Berkley's Withdraw from the Defense of the Underlying Lawsuit**

26.     On August 9, 2023, Berkley advised LCFS and Mr. Vazquez that it would be withdrawing from the defense of both defendants in the Underlying Lawsuit because the facts developed in Underlying Lawsuit confirmed that the alleged abuse could not have occurred during the time in which the Berkley Policies were in effect. A true and correct copy of the August 9, 2023 letter is attached hereto as **Exhibit C**.

27.     In the August 9, 2023 letter, Berkley inquired whether LCFS and Mr. Vazquez agreed with Berkley's coverage position, and if so, whether they would agree to withdraw their tenders of the claim. To date, Berkley has received no response to its August 9, 2023 letter to the insureds.

## <u>THE BERKLEY POLICIES</u>

28.     Berkley issued four consecutive commercial package policies to LCFS, for the policy periods referenced below:

| Policy No. | Policy Period | Exhibit |
|---|---|---|
| HHS 8578843-10 | July 1, 2018 – July 1, 2019 | **D** |
| HHS 8578843-11 | July 1, 2019 – July 1, 2020 | **E** |
| HHS 8578843-12 | July 1, 2020 – July 1, 2021 | **F** |
| HHS 8578843-13 | July 1, 2021 – July 1, 2022 | **G** |

(Hereinafter referred to collectively as the "Berkley Policies").

29.     The Berkley Policies provide different types of liability coverage to LCFS.

30.     However, none of the liability coverages afforded by the Berkley Policies is implicated by the conduct alleged in the Underlying Lawsuit.

## COUNT I – DECLARATORY JUDGMENT
## <u>(The Commercial General Liability Coverage Does Not Apply)</u>

31.     Berkley incorporates and re-alleges Paragraphs 1 through 30 above as and for Paragraph 31 of Count I, as if fully set forth herein

32.     The Commercial General Liability Coverage of the Berkley Policies generally affords coverage for "bodily injury" caused by an "occurrence," where the "bodily injury" occurs during the policy period.

33.     The Berkley Policies, as amended by endorsement, define "bodily injury" to mean the following:

**3.**     "Bodily injury" means physical injury, sickness, or disease sustained by a person, including death resulting from any of these. "Bodily injury" also means mental injury, mental anguish, humiliation, or shock sustained by a person, if directly resulting from physical injury, sickness, or disease sustained by that person.

34.     The Underlying Lawsuit does not allege "bodily injury" during the "policy period" of any of the Berkley Policies because it seeks damages for abuse to Jane Doe and John Doe while

they were living with the Rosas Family, which occurred prior to the inception of any of the Berkley Policies.

35.     In addition, pursuant to an exclusion added by endorsement, the Commercial General Liability Coverage of the Berkley Policies does not apply to "claim" or "suit" that includes any allegation of "abuse or molestation" by anyone of any person.

36.     The Berkley Policies define "abuse or molestation" to mean the following:

**1.**     "Abuse or molestation" means actual, threatened, or alleged physical, psychological, or sexual:

    **a.**     Abuse;
    **b.**     Molestation;
    **c.**     Assault;
    **d.**     Battery**;**
    **e.**     Exploitation; or
    **f.**     humiliation

of a person or persons.

37.     The Underlying Lawsuit seeks relief for abuse sustained by Jane Doe and John Doe, such that the exclusion for "abuse or molestation" applies.

38.     Based on the foregoing, Berkley has no duty to defend or indemnify LCFS or Mr. Vazquez in connection with the Underlying Lawsuit under the Commercial General Liability Coverage of the Berkley Policies.

39.     An actual controversy exists between Berkley, LCFS, Mr. Vazquez, and the Blancas Defendants, and by the terms and provisions of 28 U.S.C. §§ 2201, 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such other and further relief as may be necessary.

WHEREFORE, Plaintiff, Berkley National Insurance Company, respectfully prays that this Honorable Court:

a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Berkley Policies;

b. Find and declare that the conduct alleged in the Underlying Lawsuit does not satisfy the Insuring Agreement of the Commercial General Liability Coverage of any of the Berkley Policies;

c. Find and declare that the "abuse or molestation" exclusion in the Berkley Policies bars coverage for the claims asserted in the Underlying Lawsuit;

d. Find and declare that Berkley has and had no duty under the Berkley Policies to defend or indemnify LCFS or Mr. Vazquez in the Underlying Lawsuit; and

e. Grant Berkley such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT II – DECLARATORY JUDGMENT
## (The Abuse Or Molestation Liability Coverage Does Not Apply)

40. Berkley incorporates and re-alleges Paragraphs 1 through 39 above as and for Paragraph 40 of Count II, as if fully set forth herein

41. The Abuse or Molestation Liability Coverage of the Berkley Policies affords coverage, in relevant part, for "damages" the Insured is legally obligated to pay because of "abuse or molestation," where the "abuse or molestation" takes place during the "policy period."

42. The Berkley Policies define "abuse or molestation" to mean the following:

1. "Abuse or molestation" means actual, threatened, or alleged physical, psychological, or sexual:

   a. Abuse;
   b. Molestation;
   c. Assault;
   d. Battery;
   e. Exploitation; or
   f. humiliation

   of a person or persons.

43. Pursuant to an exclusion, the Abuse or Molestation Liability Coverage of the Berkley Policies does not apply to "injury" arising out of "abuse or molestation" that occurred prior to this "policy period."

44. The Underlying Lawsuit does not allege "abuse or molestation" during the "policy period" of any of the Berkley Policies. Rather, it seeks damages for abuse to Jane Doe and John Doe while they were living with the Rosas Family, but Jane Doe and John Doe ceased living with the Rosas Family prior to the inception of any of the Berkley Policies.

45. Based on the foregoing, Berkley has no duty to defend or indemnify LCFS or Mr. Vazquez in connection with the Underlying Lawsuit under the Berkley Policies' Abuse or Molestation Liability Coverage part.

46. An actual controversy exists between Berkley, LCFS, Mr. Vazquez, and the Blancas Defendants, and by the terms and provisions of 28 U.S.C. §§ 2201, 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such other and further relief as may be necessary.

WHEREFORE, Plaintiff, Berkley National Insurance Company, respectfully prays that this Honorable Court:

    a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Berkley Policies;

    b. Find and declare that the conduct alleged in the Underlying Lawsuit does not satisfy the Insuring Agreement of the Abuse or Molestation Liability Coverage of any of the Berkley Policies;

    c. Find and declare that coverage for the Underlying Lawsuit is precluded under the Berkley Policies by the exclusion that applies to "abuse or molestation" occurring prior to the "policy period";

    d. Find and declare that Berkley has and had no duty under the Berkley Policies to defend or indemnify LCFS or Mr. Vazquez in the Underlying Lawsuit; and

e. Grant Berkley such other and further relief that the Court deems proper under the facts and circumstances.

## COUNT III – DECLARATORY JUDGMENT
### (The Professional Liability Errors and Omissions Coverage Does Not Apply)

47.     Berkley incorporates and re-alleges Paragraphs 1 through 46 above as and for Paragraph 47 of Count III, as if fully set forth herein.

48.     The Professional Liability Errors and Omissions Coverage of the Berkley Policies generally affords coverage for "damages" the Insured is legally obligated to pay as a result of negligent acts, errors or omissions that occur during the "policy period."

49.     Jane Doe and John Doe stopped living in the Rosas Family's home over two months before the inception of the first policy that Berkley issued to LCFS.

50.     Once Jane Doe and John Doe ceased to live with the Rosas Family and started living with the Blancas Family, LCFS could no longer have committed any actionable conduct relating to the placement of Jane Doe and John Doe in the Rosas home that could implicate one or more of the Berkley Policies.

51.     As such, the Underlying Lawsuit does not contain conduct that triggers the Insuring Agreement of the Berkley Policies.

52.     Based on the foregoing, Berkley has no duty to defend or indemnify LCFS or Mr. Vazquez in connection with the Underlying Lawsuit.

53.     An actual controversy exists between Berkley, LCFS, Mr. Vazquez, and the Blancas Defendants, and by the terms and provisions of 28 U.S.C. §§ 2201, 2202, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to grant such other and further relief as may be necessary.

WHEREFORE, Plaintiff, Berkley National Insurance Company, respectfully prays that this Honorable Court:

      a. Determine and adjudicate the rights and liabilities of the parties hereto with respect to the Berkley Policies;

      b. Find and declare that the conduct alleged in the Underlying Lawsuit does not satisfy the Insuring Agreement of the Professional Liability Errors and Omissions Coverage of any of the Berkley Policies;

      c. Find and declare that Berkley has and had no duty under the Berkley Policies to defend or indemnify LCFS or Mr. Vazquez in the Underlying Lawsuit; and

      d. Grant Berkley such other and further relief that the Court deems proper under the facts and circumstances.

Dated this 19th day of December, 2023.

                Respectfully submitted,

                BERKLEY NATIONAL
                INSURANCE COMPANY

                /s/  Dana A. Rice_____
        By:  Counsel for Plaintiff,
             Berkley National Insurance Company

Dana A. Rice (6283827)
Jeremy S. Macklin (6303870)
**TRAUB LIEBERMAN**
**STRAUS & SHREWSBERRY, LLP**
71 S. Wacker Dr., Suite 2110
Chicago, Illinois 60603
312.332.3900 (t)
312.332.3908 (f)
drice@tlsslaw.com
jmacklin@tlsslaw.com